UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
AT SANTA ANA

SONALI KOLHATKAR, et al.,

           Plaintiffs,          Case No. SACV07-1394-DOC
                                   (RNBx)

      v.

ERIC H. HOLDER, Jr., et al.,

           Defendants.

-----------------------------------------------X

**STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE**

Named Plaintiffs in the above-captioned Action and Defendants Janet Napolitano,

Secretary of Homeland Security; Eric H. Holder, Attorney General; Alejandro Mayorkas,

Director of the United States Citizenship and Immigration Services ("USCIS"); Robert S.

Mueller, III, Director of the Federal Bureau of Investigation ("FBI"); and Jane Arellano, District

Director, USCIS Los Angeles District (District 23) (together, "Defendants"), by and through

their attorneys, hereby enter into this Stipulation and Agreement of Settlement and Release (the

"Stipulation" or "Settlement"), as of the Approval Date as defined in paragraph 4.

WHEREAS:

      A.      Plaintiffs filed suit on behalf of themselves and all others similarly situated

against Defendants in the United States District Court for the Central District of Los Angeles on

December 4, 2007, seeking class certification, designation of Class Counsel and declaratory and

injunctive relief.

      B.      To date, the Court has not granted class certification, designation of Class

Counsel, or declaratory or injunctive relief.

C.      Defendants deny all liability with respect to the Action, deny that they have engaged in any wrongdoing, deny the material allegations in the Complaint and Amended Complaint, deny that they committed any violation of law, deny that they acted improperly in any way, and deny liability of any kind to Plaintiffs, the putative Class, or the putative Class Members, but agree to the settlement and dismissal of the Action with prejudice in order to: (i) avoid the substantial expense, inconvenience, and distraction of protracted litigation; and (ii) finally put to rest and terminate the Action and any and all Settled Claims as defined in paragraph 8.

D.      Plaintiffs' Counsel have conducted discussions and arm's length negotiations with Defendants' Counsel with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Named Plaintiffs, the putative Class, and all putative Class Members.

E.      After considering the benefits that Plaintiffs, the putative Class, and the putative Class Members will receive from settlement of the Action and the risks of litigation, Plaintiffs' Counsel have concluded that the terms and conditions of this Settlement are fair, reasonable, and in the best interests of the Plaintiffs, the putative Class, and the putative Class Members; have agreed that the Released Parties should be released from the Settled Claims pursuant to the terms and provisions of this Settlement; and have agreed to the dismissal with prejudice of all Settled Claims as defined in paragraph 8.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, in consideration of the benefits flowing to the parties hereto from the Settlement, that the Settled Claims of Plaintiffs as against

the Released Parties shall be compromised, settled, forever released, barred, and dismissed with prejudice, upon and subject to the following terms and conditions:

I.    DEFINITIONS

Wherever used in this Settlement, the following terms have the meanings set forth below:

1.    "Action" means the above-captioned Action pending in the United States District Court for the Central District of California (Docket No. SA CV 07-1394).

2.    "Defendants" means Janet Napolitano, in her official capacity as Secretary of the Department of Homeland Security; Alejandro Mayorkas, in his official capacity as Director of USCIS; Jane Arellano, in her official capacity as District Director of USCIS District 23; Eric H. Holder, in his official capacity as Attorney General of the United States; and Robert S. Mueller, in his official capacity as Director of the Federal Bureau of Investigation.

3.    "Kolhatkar applicants" means, for purposes of this settlement only, all individuals residing within the jurisdiction of the United States District Court for the Central District of California, who, as of June 30, 2009 through the Approval Date (as defined in paragraph 4), including those Kolhatkar applicants whose applications have been adjudicated after June 30, 2009:

a.    Had applied for naturalization within USCIS District 23, which includes the USCIS Los Angeles, Santa Ana, and San Bernardino Field offices;

b.    Continue to reside within USCIS District 23;

c.    Had N-400 applications for naturalization that remained pending for more than 180 days after filing due to the non-completion of the FBI name check;

d.    Have attended an interview; and

e.    Have their N-400 applications unadjudicated by USCIS.

4.      "Approval Date" means the date upon which the Settlement provided for in this Stipulation shall become effective, as set forth in paragraph 27 below.

5.      "Plaintiff(s)" means Sonali Kolhatkar, Mourad Jellabi, and Maria Stanwick.

6.      "Plaintiffs' Counsel" means the National Immigration Law Center; the ACLU Foundation of Southern California; Munger, Tolles & Olsen LLP; and the Asian Pacific American Legal Center.  Should these entities change their names or merge with other entities, those new entities shall also qualify as Plaintiffs' Counsel.

7.      "Released Parties" means any and all of the Defendants, their predecessors and successors, their departments and agencies, and their past or present agents, employees, and contractors.

8.      "Settled Claims" means any and all claims, in law or equity, that were asserted or that could have been asserted by Plaintiffs in this Action, based upon the facts alleged or that could have been alleged in the Amended Complaint relating to the subject of this Action.  This agreement does not bar Kolhatkar applicants from pursuing individual cases under 8 U.S.C. § 1421(c), nor does it bar future individual actions by Kolhatkar applicants under 8 U.S.C. § 1447(b) once the settlement agreement expires.

9.      "Settlement" means the settlement provided for in this Stipulation.

## II.      RELIEF AND REPORTING

10.      Within five (5) business days after the Approval Date, USCIS will identify all Kolhatkar applicants and will provide Plaintiffs' Counsel with the total number identified.

11.     Within ten (10) business days after the Approval Date, USCIS will provide notice of the settlement to all Kolhatkar applicants by U.S. Mail to their last address provided to USCIS.  A copy of the notice is attached as Exhibit A.

12.     Individuals who currently are pursuing federal court actions pursuant to 8 U.S.C. § 1447(b) may benefit from the provisions of the settlement only if they agree to voluntary dismissal of these federal court claims within 60 days after the Approval Date.

13.     Within three (3) business days after the Approval Date, the parties will jointly move to remand Plaintiff Stanwick's N-400 application to USCIS for adjudication.  If approved, USCIS will, within 30 days of the adjudication, schedule Oath of Naturalization ceremonies for the earliest available date.

14.     Within 90 days after the Approval Date, USCIS will adjudicate at least seventy percent (70%) of the naturalization applications submitted by Kolhatkar applicants which are able to be adjudicated.  Cases which are not able to be adjudicated shall be excluded from the computation of the percentage.

15.     Within 180 days of the Approval Date, USCIS will adjudicate at least ninety percent (90%) of the naturalization applications submitted by Kolhatkar applicants which are able to be adjudicated.  Cases which are not able to be adjudicated shall be excluded from the computation of the percentage.

16.     Cases not able to be adjudicated are those in which the Kolhatkar applicants failed to provide information requested by USCIS, in which the Kolhatkar applicants failed to take some other action required by USCIS,  in which USCIS is awaiting receipt of information from the Kolhatkar applicants, or in which the Kolhatkar applicants have pending individual

federal court actions challenging the lack of adjudication expressly or constructively under 8 U.S.C. § 1447(b), and where those claims have not been voluntarily dismissed.

17.     USCIS will provide the following reports to Plaintiffs' Counsel one week following the Approval Date and also 205 days following the Approval Date:

a.     The number of naturalization applications received for USCIS District 23. The first report will cover the time period since March 31, 2009; the second will cover the time period since the first report.

b.     The number of name check requests pending for USCIS District 23, using the same format of the earlier reports filed with the Court in this Action;

c.     The number of Kolhatkar applicants whose naturalization applications have been adjudicated.   The first report will cover the time period since March 31, 2009; the second will cover the time period since the most recent report.

d.     The number of Kolhatkar applicants' applications that are not able to be adjudicated (as defined in paragraph 16) by USCIS District 23.  The second report will cover the time period since the most recent report.

e.     The number of District 23 interview slots available and the number of interview slots filled for the previous three months.

f.      The number of naturalization applications for which the FBI has completed its name check processing that are ready for interviews but have not yet been scheduled for interviews (categorized by those applications pending over 180 days and those pending over 300 days) as of the day before the report date.

g.     The number of naturalization applications for which the FBI has completed its name check processing that are not ready for interviews (categorized by those

applications pending over 180 days and those pending over 300 days) as of the day before the report date.

18.    USCIS will provide the reports listed in 17c and 17e to Plaintiffs' Counsel 115 days after the Approval Date.

19.    245 days after the Approval date, the parties will meet and confer to verify that USCIS met the benchmarks identified in paragraphs 14 and 15.

20.    If USCIS met the benchmarks identified in paragraphs 14 and 15, the parties will file a joint stipulation to voluntarily dismiss the action with prejudice.

21.    If USCIS has adjudicated the naturalization applications of fewer than 90 percent of the adjudicable Kolhatkar applicants as of 245 days after the Approval Date:

    a.    Plaintiffs' Counsel and Defendants' Counsel will attempt to resolve any outstanding disputes.

    b.    Plaintiffs' counsel will inform Defendants' Counsel on or before 300 days after the Approval Date whether they will seek relief from the Court.  If no further relief is sought from the Court, the parties will file a joint stipulation to voluntarily dismiss the action with prejudice 365 days after the Approval Date.

    c.    The Court shall hear, mediate, and, to the fullest extent possible, obtain the agreement of both parties to resolve the dispute.  If Plaintiffs seek relief pursuant to this paragraph, the only issues to be determined by the Court will be 1) whether Defendants' failure to adjudicate at least 90 percent of the adjudicable Kolhatkar applicants' naturalization applications was reasonable, and 2) if the Court determines that Defendants' failure to adjudicate at least 90 percent of the adjudicable Kolhatkar applicants' naturalization applications was not reasonable, what relief should be ordered.  The parties will file a joint stipulation to voluntarily

dismiss the action with prejudice upon Defendants' compliance with any Order issued to enforce this paragraph or after the Court's determination that Defendants' failure to adjudicate at least 90 percent of the adjudicable Kolhatkar applicants' naturalization applications was reasonable.

22.    Starting from the Approval Date, upon learning of any fact or facts that constitute the basis for asserting that Defendants, without notice or good cause shown, have completely and materially failed to comply with the deadlines imposed by the Settlement in paragraphs 10, 11, 13, 17, 18, and 29, Plaintiffs shall promptly notify Defendants in writing of the fact or facts that support the contention and request a written response with respect thereto. Both parties shall negotiate in good faith in an effort to resolve any disputes. If no resolution has occurred within 30 days of the notice, the Court shall hear, mediate, and, to the fullest extent possible, obtain the agreement of both parties to resolve the dispute.

a.    The parties agree that failure to comply with the deadlines in paragraphs 10, 11, 13, 17, 18, and 29 of this Stipulation does not constitute a violation of this Settlement in the case of unforeseeable circumstances. "Unforeseeable circumstances" include, but are not limited to, war, invasion, hostilities, virulent contagious disease outbreaks requiring quarantine, natural disasters, local fires, or other similar events that impact the ability of either party to comply with the deadlines.

b.    If Plaintiffs seek relief pursuant to this paragraph, the only issues to be determined by the Court are 1) whether Defendants' failure to meet the deadline at issue was reasonable, and 2) if the Court determines that Defendants' failure to meet the deadline at issue was not reasonable, what relief should be ordered.

III.    RELEASE; SCOPE AND EFFECT OF RELEASE

23.    Plaintiffs withdraw their motion for certification of the class in this action.

24.    Upon the approval of the Joint Stipulation to be filed pursuant to paragraph 20, this case will be dismissed with prejudice, and Plaintiffs, on behalf of themselves, their heirs, executors, administrators, representatives, attorneys, successors, assigns, agents, and affiliates shall be deemed to have fully, finally, and forever released, relinquished, and discharged Defendants of and from any and all of the Settled Claims, and Plaintiffs shall forever be barred and enjoined from bringing or prosecuting any Settled Claim against any of the Defendants.

IV.    CONTINUING JURISDICTION

25.    The parties agree that this Court will retain continuing jurisdiction for the duration of the Settlement to supervise the implementation of this Settlement and to enforce its terms.  The Court's jurisdiction shall terminate pursuant to the provisions of paragraph 19, paragraph 21b, or paragraph 21c.

V.    EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

26.    Upon all parties' execution of the Stipulation, the parties shall jointly present the proposed Settlement to the Court for approval.

27.    The effective date of this Settlement shall be the Approval Date, which shall be the date on which the parties are informed that the Court approves this Settlement and enters a separate Order approving the settlement.

VI.    NO ADMISSION OF WRONGDOING

28.    This Stipulation, whether or not executed, and any proceedings taken pursuant to it:

a.      shall not be construed to waive, reduce or otherwise diminish the authority of Defendants to enforce the laws of the United States against Kolhatkar applicants, consistent with the Constitution, laws of the United States, and applicable regulations;

b.      shall not be offered or received against Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action, or of any liability, negligence, fault, or wrongdoing of Defendants; or any admission by Defendants of any violations of, or failure to comply with, the Constitution, laws or regulations; and

c.      shall not be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if this Settlement is approved by the Court, the parties may refer to it and rely upon it to effectuate the liability protection granted them hereunder.

## VII.    ATTORNEYS' FEES

29.      Within 120 days of the Approval date, Defendants will deliver to Plaintiffs' Counsel the sum of $4,397.38 in taxable costs under 28 U.S.C. § 1920, and $4,800.18 in other costs, in settlement of all claims for attorneys' fees and costs that could have been or will be claimed in this litigation.

## VIII.    ADDITIONAL PROVISIONS

30.    This Settlement, and the obligations incurred herein, shall be in full and final disposition of the Action with prejudice, including any and all Settled Claims against Defendants.  On the Approval Date, Plaintiffs shall be deemed to have fully, finally, and forever released, relinquished, and discharged Defendants of and from any and all Settled Claims.

31.    This Settlement may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

32.    The waiver by one party of any breach of this Settlement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement.

33.    This Settlement and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

34.    This Settlement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Settlement shall exchange among themselves original signed counterparts.

35.    This Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

36.    This Settlement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized by the parties that this Settlement is the result of arm's

11

length negotiations between the parties and that all parties have contributed substantially and

materially to the preparation of this Settlement.

37. All counsel and any other person executing this Settlement and any of the

exhibits hereto, or any related settlement documents, warrant and represent that they have the full

authority to do so and that they have the authority to take appropriate action required or

permitted to be taken pursuant to the Settlement to effectuate its terms.

KAREN TUMLIN
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Boulevard
Suite 2850
Los Angeles, CA 90010

*Attorney for Plaintiffs*

Dated: **10/2/2009**

ELIZABETH J. STEVENS
Office of Immigration Litigation
District Court Section
Civil Division
United States Department of Justice
450 5th Street, N.W.
Washington, D.C. 20001

*Attorney for Defendants*

Dated: **10/14/2009**